IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHEILA ALBERS, as Administrator of the Estate of J.A, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>CLAYTON JENISON and THE CITY OF OVERLAND PARK, KANSAS,<br><br>Defendants. | Case No. 18-2185-DDC |

## **ORDER**

The plaintiff, Sheila Albers, brings this Section 1983 action against Clayton Jenison and the City of Overland Park, Kansas, alleging constitutional violations arising out of the shooting death of her son, J.A. Defendants have filed a motion to stay discovery (ECF No. 11) pending a ruling on their joint motion for judgment on the pleadings (ECF No. 9) by the presiding U.S. District Judge, Daniel D. Crabtree. Defendants' request for stay is premised on Mr. Jenison's assertion of qualified immunity. Plaintiff opposes defendants' motion to stay, arguing she's entitled to limited discovery related to the qualified immunity defense. Plaintiff further asserts there's no basis to stay discovery related to her claims against the City. For the reasons set forth below, defendants' motion to stay is granted.

"The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials 'a right, not merely to avoid standing trial, but also to avoid the

1

burdens of such pretrial matters as discovery.'"[1] "[B]ecause qualified immunity protects against the burdens of discovery as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity."[2] To be sure, there are limited occasions in which "narrowly tailored" discovery may be permitted if necessary to enable a district court to decide a qualified-immunity question raised by a motion,[3] but this is not one of those occasions.

Here, Mr. Jenison asserts his qualified-immunity defense in a motion for judgment on the pleadings, not a motion for summary judgment.[4] Courts evaluate a Rule 12(c) motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss.[5] Generally, in deciding a motion to dismiss, the "court should consider no evidence beyond the pleadings."[6] In that regard, the "limited discovery" plaintiff seeks (i.e., audio, video, ballistics and forensic evidence of the incident, depositions of all

---

[1] *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

[2] *Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014).

[3] *Id.* at 1149.

[4] "Summary Judgment is the 'typical vehicle' for asserting a qualified immunity defense, but the Court will also review it on a motion to dismiss." *Bradley v. United States*, No. 16-1435-EFM, 2017 WL 4310224, at *3 (D. Kan. Sept. 28, 2017) (quoting *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004)).

[5] *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).

[6] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

responding officers, as well as reports, statements, and interviews) will not assist plaintiff in addressing Mr. Jenison's qualified immunity defense, at least not at this stage.[7] Because evidence will not assist plaintiff in the context of the pending motion for judgment on the pleadings, staying discovery in light of the qualified-immunity assertion is appropriate.

Both parties have attached exhibits to their briefing on defendants' motion for judgment on the pleadings. The undersigned U.S. Magistrate Judge, James P. O'Hara, certainly does not wish to interfere with Judge Crabtree's handling of the motion. Should Judge Crabtree decide to convert the motion for judgment on the pleadings to one for summary judgment, the issue of limited discovery may be re-visited.

Finally, given the overlapping facts supporting plaintiff's claims against each of the defendants in this case, the court concludes the potential burden and prejudice resulting from bifurcated discovery outweigh any potential benefit. Accordingly, discovery shall be stayed as to both defendants.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1. Defendants' motion to stay discovery (ECF No. 11) is granted.

2. All pretrial proceedings in this case, including discovery and initial

---

[7] *See Bradley*, 2017 WL 4310224, at *3 ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." (quoting *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003)).

disclosures, are stayed until further order of the court.

    3.    Should the case survive the pending motion for judgment on the pleadings, counsel shall confer and submit a Rule 26(f) planning meeting report to the undersigned's chambers within 21 days of the ruling on the motion.

Dated June 26, 2018, at Kansas City, Kansas.

        s/ James P. O'Hara
        James P. O'Hara
        U.S. Magistrate Judge